UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>          Plaintiff,<br><br>     v.<br><br>J. MACOMBER, Warden,<br><br>          Defendant. | No. 2:15-cv-1352-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **III.    Screening Order**

24     The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
25 that the allegations are too vague and conclusory to state a cognizable claim for relief.[1] The

---

[1] Plaintiff subsequently submitted several "amended complaints." ECF Nos. 6, 7. Those complaints failed to comply with Local Rule 133(g), which requires that all filings include the file number of the action. For this reason, and because it is not clear whether plaintiff intended for those complaints to be filed in this action, or in another action he is litigating, those complaints

complaint names Warden Macomber as the sole defendant, and alleges that plaintiff's visitation rights were restricted because he filed complaints.  Plaintiff alleges that he informed Warden Macomber about the restriction on his visitation rights and that Macomber did nothing to correct the problem.

Plaintiff has not pleaded sufficient facts to state a proper claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official – such as Warden Macomber -- on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  State regulations may create a liberty interest in avoiding restrictive conditions of

---

will be disregarded.

3

confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Inmates do not have a constitutional right to contact visits. *Block v. Rutherford*, 468 U.S. 576, 586 (1984).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action was taken "because of" plaintiff's protected conduct.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

**IV. Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the CDCR filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: March 23, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE